RAMÓN LLOVET DÍAZ, Petitioner and Appellee, *v.* BOARD OF EXAMINERS OF ENGINEERS, ETC., Respondent and Appellant.

No. 4733.   Argued March 15, 1929.—Decided February 14, 1930.

*James R. Beverley, Attorney General,* and *Felipe Janer, Assistant Attorney General,* for appellant.   *Guerra Mondragón & Soldevilla,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an appeal from a judgment rendered in a mandamus proceeding requiring the Board of Examiners of Engineers, Architects and Surveyors, in accordance with Act No. 31 of 1927, to issue to Ramón Llovet Díaz a license as a civil engineer.

It would appear that prior to February 5, 1900, there were certain restrictions upon the professions enumerated above, but on that date, by military order, all restrictions were removed and it was commanded that thereafter no examinations, licenses or system of registration should be required.

Section 9 of Act No. 31 of 1927, laws of that year, page 186 provided as follows:

"At any time within the six months following the date on which this Act takes effect, the board shall issue a license to practice engineering, architecture or surveying to any person who, having paid the fees hereinafter specified:

"(a) Has finished the course in engineering, architecture or surveying in some school or university; or

"(b) Has practiced the profession of engineering, architecture or surveying for a period of not less than three years, prior to the date of approval of this Act.

"Unless evidence to the contrary exists, the board shall accept the sworn statement in the application as satisfactory evidence that the applicant has practiced the profession of engineering, architecture or surveying for a period of three years."

Within the time allowed by law, the appellee presented to the said board a petition wherein after saying that he had been practicing his profession for a period much greater than three years, recited his education, qualifications and experience as such engineer. We gather this fact from a stipulation of the parties submitted to the court below and from the opinion of the court, inasmuch as the original petition does not appear to be copied into the record.

The appellee says that in other respects the evidence submitted to the district court has not been certified up to us. Without a careful inquiry we shall assume, rather than definitely decide, that from the pleadings and stipulation of the parties all the facts that were before the District Court of San Juan were duly certified to us. Nevertheless, considering the decision of the court below, great weight is to be given to the facts set forth in the mandamus petition and the findings contained in the opinion of the court.

It would also appear that from 1908 the petitioner has at different moments been engaged in constructing roads, streets, sewers, building hippodromes, railroad branches and the repair of bridges; that he has made surveys and established boundaries, among them a plan and survey of the Is-

land of Mona, and other matters summed up in the opinion of the court below.

The board refused to grant the petition. A motion for reconsideration was presented to it. Then the petitioner was subjected to an examination under oath. This examination was submitted to the court on the certificate alone of the stenographer who made the report.

We agree with the appellee that this examination was not duly certified to the district court, inasmuch as there is no way known to our law by which the ex parte statement of a stenographer taken alone can be made competent evidence. The District Court of San Juan, following a previous opinion of Judge Llauger, decided in favor of the petitioner. Stress was laid on the words contained in section 9, *supra*, "Unless evidence to the contrary exists, the board shall accept the sworn statement in the application as satisfactory evidence, etc." The court held in effect that unless there was such contrary evidence, the board had a ministerial duty to issue a license. The court also held that if a discretionary duty arose, then under the facts of the case, an abuse of discretion had been committed.

Unquestionably by virtue of the words "Unless evidence to the contrary exists," the board is authorized to make an examination in some form. In another case, No. 4734, *Arán* v. *Board of Examiners of Engineers, etc., post,* p. 565, counsel for the appellee said in effect that the matter submitted to the board must be "evidence" in some form known to the law, and we agree it will not suffice for a board under these conditions to make examinations independently of the presence of a petitioner, as has been done in some of the cases we are reviewing.

Hence if no such "evidence" is before the board or it could not be considered satisfactory, a ministerial duty arises to issue the license. *Flournoy* v. *City of Jeffersonville,* 79 A. D. 468; *State* v. *Mathews,* 62 S. E. 695.

We think that such a duty arose from the mere statement

that the petitioner had practiced his profession for more than three years and such duty surely arose if the statement of the petitioner showed that he had actually worked as an engineer, detailing the work.

Porto Rico has required citizens to pay taxes under protest with the right subsequently of filing a suit. Similarly provisions temporarily tie the hands of a mortgage debtor. The act under consideration perhaps is a case where a citizen has been given a certain advantage if he complies with the words of the law.

Under section 12 of the said Act of 1927, the board has power to cancel a certificate obtained by fraud and the public is protected. If a petitioner makes a mistaken statement, even though it was done honestly, it would amount to a fraud, supposing that the petitioner was not in fact an engineer. We conclude that when an applicant has made out in his petition a good prima facie case, no burden rests on him to fortify his statements in the absence of proof to the contrary.

However, we also agree with the reasoning of the judges of the court below that to suppose a discretion in the board, would not prevent the issuance of a mandamus. Whatever discretion the board exercised was subject to control by mandamus under the principles enunciated in the case of *Muñoz* v. *Ramos,* 39 P.R.R. 366, and under the facts an abuse of discretion would arise. The majority of the court, as indicated in that case, maintains, as was decided in *Tirado* v. *Board of Pensions,* 38 P.R.R. 901, that judicial discretion, properly so-called, does not apply to the acts of boards. In this connection the majority finds support in the case of *Meffert* v. *Packer,* 1 L.R.A. (N. S.) 811, 815. We may adulge in some general considerations on the policy to be pursued in interpreting the Act of 1927.

As we have seen, from 1900 to 1927, anyone could be an engineer without an examination or obtaining a license. Hence an act limiting the exercise of such a profession must proceed carefully to be within the police power. Otherwise

as suggested by counsel for appellee in No. 4840, *Flores* v. *Board of Examiners, etc., post,* p. 567, the act might be unconstitutional. To require a practice of three years we think was well within the police powers of the Legislature, but we might have had a doubt if a heavy burden had been placed upon one who had exercised his profession over a great number of years. We think the intention of the Legislature was clearly that no stringent test should be applied to an applicant for a license who had been so practicing. An act of this kind should generally be forward-looking, and so it is in section 8 thereof, which provides for the examination of persons beginning their profession. Under the said section the burden clearly rests upon an applicant, but under section 9 the Legislature has put the burden otherwise. That the board in certain cases must have a discretion, is a definite conclusion and would more especially appear from the decision in *Mateo* v. *Board of Examiners, etc., post,* p. 569. Evidently there were ways in which the board could arrive at the truth.

Coming then again to the facts, we can not agree with the appellant that working in a public office like the Department of the Interior or in the engineering branch of a municipality would not be an exercise of the profession publicly. Working under a government is necessarily public and the test always is, whether in its nature the work performed is that of an engineer.

Nor can we agree that the work of the petitioner was limited to being a surveyor or a topographical engineer. However, under the definitions cited by the appellant itself, topographical engineering is a branch of civil engineering.

Under the stipulation, the experience and practice of the petitioner, as was decided by the court, were sufficiently established and the judgment should be affirmed.